## THE NIAGARA FIRE INSURANCE COMPANY

*v.*

### D. HEENAN & CO.

*Opinion filed October 19, 1899.*

1. INSURANCE—*law leans to that construction of policy which affords insured indemnity.* The law will lean to that construction of an insurance contract which carries out the purpose of such a contract and affords the insured indemnity.

2. SAME—*when insurance on building will include fixtures covered by other insurance.* A company which insures a building, only, is liable for the loss of fixtures built into it, although some of them are included in a separate item covered by other insurance, when the loss on the building exceeds the insurance upon it and that upon the item in which the fixtures are included.

3. PROPOSITIONS OF LAW—*party cannot complain of correct modification of his proposition of law which might have been refused.* A proposition of law not applicable to the facts or material to the issues may properly be refused, and the party requesting it cannot complain that the court held the same after correcting it.

4. SAME—*amount of damages awarded on fire policy not open to review by Supreme Court.* The amount of damages awarded in a suit on a fire insurance policy, when presented as a question of fact, is not reviewable by the Supreme Court.

*Niagara Fire Ins. Co.* v. *Heenan & Co.* 81 Ill. App. 678, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

PADEN & GRIDLEY, for appellant.

P. J. LUCEY, and BATES & HARDING, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court affirmed a judgment entered in the circuit court of LaSalle county in favor of appellee, and against appellant, for $3074.16, the full amount of a policy of insurance issued by appellant upon appellee's store building, with interest from the time when the payment was due.   There is no controversy as to the insurance or the loss, and it is conceded that appellant is liable for its full *pro rata* share of such loss, excluding certain fixtures which would ordinarily be included as parts of the building.   The controversy is whether these fixtures are to be excluded.

The case was tried without a jury, upon an agreed statement of facts.   So far as material to be stated they are as follows: The plaintiff, D. Heenan & Co. was a corporation carrying on a department store which it owned in the city of Streator, and, together with two insurance agents, prepared printed slips describing its property, for the purpose of insuring it.   The description on the slips was divided into three parts.   The first item was as follows:

"$...... on its three-story, brick, composition-roof building, and basement, additions, foundations and area walls; occupied principally as a general store, post-office and offices; situated on the north-west corner of Main and Park streets, Streator, Illinois."

The second item was its stock of merchandise, not material in this case.   The third was as follows:

"$...... on its store furniture and fixtures, consisting, in part, of awnings, counters, shelving, bins, butter boxes, refrigerators, desks, chairs, safes, wall paper racks, track ladders, scales, gas and water pipes, stoves and piping, steam boilers and pump, steam heating apparatus and connections, hydraulic engine and elevator, two Babcock fire extinguishers, coffee grinders, brick encased coffee roaster, small upright steam engine with appurtenances, soda fountain, with attachments and furnishings, one ventilating fan and electric motor and attachments, and such other furniture and fixtures as are necessary for conducting its business; all while contained in the above described building and basement, additions and areas under sidewalk adjoining said building."

Plaintiff obtained insurance with various companies to the extent of $119,000, and one of these slips was attached to each policy. Each company insured one item contained in the slip, and inserted the amount which it insured in the blank space. No company insured more than one of the separate items. The defendant's policy was for $3000 on the first item, and the figures "3000" were inserted in the blank space at the beginning. The similar spaces at the commencement of the other items were filled with a horizontal mark of the pen. The entire insurance on the first item amounted to $35,000. Other companies insured on the second item to the extent of $80,000, and still other companies insured to the amount of $4000 on the third item. On November 22, 1897, the premises were destroyed by fire. The loss on the second item was $120,000, and the companies insuring on that item paid the full amount of their policies,—$80,000. The loss on the third item was $13,000, which was $9000 more than the insurance, and the companies insuring on that item alone paid their policies, amounting to $4000. A disagreement arose between the parties as to the amount of loss and damage on the first item, and each party selected an appraiser, in pursuance of the policies, who

made an award in writing that the total loss and damage on the first item was $32,250, but they disagreed as to whether the fixtures mentioned in the third item, which were a part of the building, should also be included in the loss and damage under the first item. Not being able to agree upon that question, they signed a further writing and delivered the same to the parties, as follows:

"STREATOR, ILLINOIS, *February 24, 1898.*

"We, the undersigned, chosen to estimate on the Heenan & Co. building, at Streator, Illinois, find that the loss on steam heating, elevator, plumbing, gas piping and fixtures amounts to the sum of $5544, as follows:

| | |
|---|---:|
| Gas piping and fixtures........................................ | $550 |
| Heating ................................................... | 4000 |
| Elevator................................................... | 2000 |
| Plumbing.................................................. | 380 |
| | $6930 |
| Twenty per cent depreciation.............................. | 1386 |
| Balance................................................... | $5544 |

S. W. EGBERT,
SAMUEL R. WHITE."

These fixtures embraced in this last paper were built and placed in the building in the usual way when it was erected, and served their purpose until the time of the fire. Plaintiff afterward sent additional proof of loss of other fixtures annexed to the building, which were omitted from the building by the appraisers without fraud, but it will not be necessary to notice them or any question raised about them, because we have concluded that the fixtures enumerated by the appraisers and valued by them in the above paper were a part of the building to be included as insured by the defendant. Under that construction of the policy the loss exceeds the total amount of insurance, and defendant is liable for the full amount of its policy.

The ground upon which it is claimed that the fixtures which were a part of the building and would ordinarily be included under the description of it in defendant's policy are to be excluded, is, that they are mentioned in the third item, together with the personal property and store

furniture, such as awnings, counters, desks, chairs, etc. The court held as law a written proposition submitted by the plaintiff, which represents its claim, as follows:

"The court holds, as a matter of law, that insurance on a three-story brick, composition-roof building, and basement, additions, foundations and area walls, covers everything which enters into said building and forms a part thereof, including plumbing, steam heating, elevators, gas piping, sewer pipes, etc., where these items are built into the building at the time it is erected and form a part thereof; and if a fire occurs, the insurer whose policy covers on the building is liable for loss to the above items, where it is shown that they are not covered by other insurance."

The defendant submitted a number of propositions asking to have the court hold, as a matter of law, that the parties might, between themselves, determine that the fixtures were personalty, and their agreement would be enforced; that the division of the subject of insurance into three separate items, and the issue of a policy by it, as insurer, upon the articles enumerated in one of the items alone, excludes the other items; that the enumeration of fixtures in the third item excludes them from the description of the building in the first, although the articles so enumerated, in the absence of designation as the subjects of a separate contract, would be deemed proper constituents of the building named in the first item, and that the specific enumeration of the fixtures as a separate matter of contract made the effect of the policy an insurance of the building without the fixtures. The court modified each of them so as to hold that articles enumerated in the third item which belonged to and formed a part of the first item were embraced and covered by it unless covered by other insurance, and that the policy which insured the building covered everything which constituted such building and formed a part thereof, which was not otherwise covered by insurance.

There is no doubt that parties may make contracts of insurance to suit themselves, and the question here is what contract did the parties make.    Three subjects of insurance were presented to defendant, the first of which was plaintiff's building in its entirety, and defendant chose to insure, and did insure, the building as there described. · The only ground for the argument that it did not insure the entire building according to the description in the first item is, that there was another item which included specific portions of it, upon which some other company might, and did, place insurance.    A contract of insurance is a contract of indemnity, and unless indemnity for the loss sustained has been reached, the law will lean to that construction which carries out the purpose of such a contract and gives such indemnity.    (*Aurora Fire Ins. Co.* v. *Eddy,* 49 Ill. 106; *Commercial Ins. Co.* v. *Robinson,* 64 id. 265; *Niagara Fire Ins. Co.* v. *Scammon,* 100 id. 644.)    Here, there were policies to the amount of $35,000 on the building and other insurance to the amount of $4000 on personal property, including a part of the building consisting of the fixtures built into it.    The loss on the building was in excess of all the insurance, which was not equal to such loss whether the $4000 of insurance on the third item is applied *pro rata* upon all the articles in that item or to the other articles exclusive of the fixtures.    If the insurance on the third item had been sufficient to pay for the loss of the fixtures, the plaintiff could not recover again for that part of the building; but they formed a part of the building and were described in the first item, and their loss is not paid for by any other insurance.    The fixtures were not excepted from the building in the general description of it as insured by defendant, and we do not think that it is a necessary or proper conclusion that the defendant did not intend to insure the whole building under its general designation, merely because the mixture of articles in the third item included portions of the building.

The defendant submitted a further proposition of law, that where parties put a certain valuation upon different subjects of insurance the effect is to make them distinct matters of contract, and the court modified this proposition in like manner with the others. The proposition was not applicable to the case, because, as between these parties, there was no separate valuation or separate insurance upon the building and the particular portions of the building mentioned in the third item. They put no separate valuation upon the building and fixtures, but the entire valuation was put upon the building as a whole. The proposition might have been refused, but the modification was not incorrect.

The defendant also asked the court to hold the proposition that an award of appraisers is final and binding upon the parties in the absence of fraud and misconduct, and the court modified it by inserting the word "mistake" after "misconduct." The proposition should have been refused because it could have no influence in deciding the issues. The agreed statement of facts shows that the appraisers disagreed as to whether the fixtures constituted a part of the building or not, or whether they were included under the first item. Their awards do not show that they found that $32,250 covered the whole building, but that they disagreed as to whether it did or not. It is immaterial what alteration the court made in the proposition.

Counsel say that the judgment was excessive in amount, but we agree with the construction given to the contract by the circuit court, and as presented in this record the amount of damages is a question of fact not reviewable in this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*