# National Masonic Accident Association v. Alice J. Seed.

1. REVENUE STAMPS—*Not Required upon Appeal Bonds.*—A provision of the Federal law requiring internal revenue stamps on bonds required in legal proceedings can not be applied to proceedings in the courts of this State.

2. APPELLATE COURT PRACTICE—*Compliance with the Rule Requiring Briefs to be Signed by Counsel.*—That part of rule 22 of this court which requires briefs and abstracts to be signed by counsel filing the same, is sufficiently complied with by an attorney who causes his name to be printed at the foot of his brief or abstract and makes that his signature, the purpose of the rule being only to enable the court to know what attorney has prepared and filed the same.

3. INSURANCE—*Construction of Contracts of.*—Where the provisions of a contract of insurance are conflicting, they are to be construed most strongly against the insurer and liberally in favor of the insured, so as to give, if possible, the indemnity intended.

4. BENEFICIARY ASSOCIATION—*Certificates Not Void Because of an Erroneous Classification of Occupation.*—A certificate of insurance in a beneficiary association is not void because the actual occupation of the insured is more hazardous than the occupation named by him in his application for membership. And if the actual occupation as classed is more hazardous, the beneficiary is restricted to the recovery of the lesser benefit provided for the more hazardous occupation.

5. JUDICIAL NOTICE—*Delivery of Letters by the Mail.*—Courts will take judicial notice that by the ordinary course of post a letter mailed at Utica, Illinois, two or three days after the death of a person holding a certificate of membership in a beneficiary association, will reach Des Moines, Iowa, within ten days after such death.

6. NOTICE—*Of Death, When Defective—Insurance—Waiver.*—Where a notice of death is defective in form and the insurer upon receiving it makes no objection to it, such want of objection is to be regarded as a waiver of a sufficient notice.

7. WAIVER—*Of Defects in a Notice of Death.*—Where a defective notice of a death loss is given, if the insurer points out the defects, the insured can supply them; but if he fails to do so the objections may be regarded as waived.

8. SAME—*By Estoppel.*—Where an insured person in good faith and within the time stipulated in his policy does what he plainly intends as compliance with its requirements, good faith requires that the insurer shall promptly notify him of his objections so as to give him an opportunity to obviate them. His mere silence may so mislead him, to his disadvantage, to suppose the insurer satisfied, as to be of itself sufficient evidence of waiver by estoppel.

9. SAME—*Failure to Furnish Proofs of Loss on Request.*—The rule

that a mere failure of an insurer to furnish blanks for proofs of loss upon request will not operate as a waiver of such proofs, does not apply where the insurer is bound by his contract to furnish such blanks upon notice of the loss.

Assumpsit, on a certificate in a beneficiary association. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed April 11, 1901.

HOLMES, LYNN & SHIRRA, attorneys for appellant; LINCOLN & STEAD, of counsel.

RECTOR C. HITT, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit brought by Alice J. Seed against the National Masonic Accident Association upon a beneficiary certificate issued to William A. Seed, now deceased, to recover the benefits, which in case of accident were by said certificate made payable to Alice J. Seed, wife of the said William A. Seed. The certificate provided that it should be subject to all the conditions and provisions of the articles of incorporation and by-laws of the association. It was issued December 5, 1898, and William A. Seed died August 20, 1899. To a suitable declaration filed by the plaintiff, containing a special count upon the certificate, and the common counts, defendant pleaded non-assumpsit, and two special pleas. The first special plea set up a certain by law of the defendant, which required ten days' notice of injury, with full particulars of the injury, the time, place and circumstances under which it occurred, and the full name, address and occupation of the member, signed by the member or his beneficiary; and the plea averred that such notice was not given within ten days from the alleged injury. The second special plea denied compliance with another by-law, requiring proofs of death to be furnished within thirty days after death. To the first special plea plaintiff replied that written notice was given within ten days from the date of the injury, with full particulars thereof. To the second special plea plaintiff replied that

proofs of death in accordance with the requirements of the defendant were furnished defendant within thirty days after the death of said William A. Seed. Issue was joined on these pleas, and there was a trial before the court without a jury. During the trial defendant presented two additional special pleas and asked leave to file them, but leave was denied. The court found for plaintiff and assessed her damages at $2,055, and entered judgment therefor. Defendant appeals.

Plaintiff has moved to dismiss the appeal, assigning two reasons. A surety company was security on the appeal bond. The copy of the bond in the record does not show any revenue stamp attached. It is claimed that by virtue of the requirements of the United States revenue law of 1898, relating to obligations of surety companies, revenue stamps were required on this bond, and that under other provisions of said law the bond is invalid for lack of such stamps. It is doubtful whether such is the true meaning of the Federal statute, in view of the express exception from it of bonds required in legal proceedings. But if the meaning of that statute is that an appeal bond given in a legal proceeding, executed by a surety company, shall be void if not stamped, still it is the doctrine of the courts of this State that such a provision of the Federal law can not be applied to process, papers or proceedings in the courts of this State, nor to the validity of such bonds when the question arises in the courts of this State, nor to their admissibility in evidence. (Latham v. Smith, 45 Ill. 29; Bowen v. Byrne, 55 Ill. 467, and cases there cited.) Such is the general rule in other States. The authorities are collected in 22 Nat. Corp. R. 196. We hold the provisions referred to do not apply to the courts of this State nor to the means by which they obtain jurisdiction. This court acquired jurisdiction of this cause by virtue of said bond. The second reason assigned in support of the motion to dismiss the appeal is that the briefs and abstracts of appellant are not signed in writing by appellant's counsel, as is supposed to be required by that part of rule 22, which reads:

"Briefs and abstracts must be signed by counsel filing the same."

An attorney who causes his name to be printed at the foot of a brief or abstract makes that his signature and answers the purpose of the rule, which is only to enable the court to know what attorney has prepared and filed the brief or abstract.

The articles of incorporation, by-laws and certificates of defendant divided its members into eight different classes, covering different occupations supposed to involve different degrees of hazard. There were in evidence two classifications in force when this certificate was issued and when Seed died, the first in detail, and the second a summary. In the detailed classification, in class 3 was included "butcher, proprietor market, not slaughtering or driving wagon." In class 5 was included "butcher, proprietor, slaughtering or driving wagon." In the summary of classifications, "butcher, proprietor, market or stall, not slaughtering or driving wagon," was put in class 3, and "butcher, proprietor, slaughtering, market and general work," was put in class 5. The classification of the benefits provided for the payment of $2,000 for death occurring in class 3, and $1,250 for death occurring in class 5.

In the application of William A. Seed for this certificate he made the following statements:

"My occupation is fully described as follows: Prop. of a meat market. The duties required of me in that occupation are fully described as follows: Counter duties. Office work. My occupation to be classed as No. 3 (see table above)."

Section 9 of the by-laws of the association is in part as follows:

"If any member shall receive an injury, being at the time temporarily or otherwise doing or performing any act or thing, or being at the time in any place or position pertaining to any occupation, profession, employment, trade, calling or business classed by the associates as more hazardous than the one stated in his application and certificate of membership, the member or his beneficiary shall be entitled

to receive no greater amount than that provided in the manual and classification for the occupation or the employment in which the member was so acting or doing at the time when injured."

Pursuant to the provisions of this by-law, the application of William A. Seed for this certificate contained the following:

" I understand the classification of my occupation, and warrant that any work or employment not stated above does not pertain thereto, and agree that for any accident occurring to me in any occupation or exposure classed by the association as more hazardous than mine, as above stated, neither I nor my beneficiary shall be entitled to receive any greater benefits than are paid in the class to which said exposure is classified by the association."

Defendant called Mrs. Seed as a witness, from whose testimony it appeared that her husband at the time the certificate was issued and thence till his death not only did the work specified in his application, but that it was part of his duties, and which by arrangement with his partner he performed, to go out into the country and buy live stock, assist in driving it home and in slaughtering it, and that he was on his way out into the country to look at and buy live stock to be used for the purpose of his meat market business when his horse took fright and ran away, and he was thrown from his cart and killed. Under this proof William A. Seed belonged in class 5, instead of class 3, and could recover no more than the benefits provided for death occurring in class 5. As this may be the subject of further proof on another trial, we deem it unnecessary to discuss it further now.

Section 14 of the laws contained the following provision:

" Each and every statement included in any application for membership is a warranty of the facts therein stated, and any incorrect statement of any fact in such application voids such membership and precludes the member and his beneficiary from receiving any benefits whatever."

No proofs of death were furnished, and it was made to appear that the first knowledge defendant had that Seed's occupation was more hazardous than as stated in his applica-

tion was derived from the testimony of Mrs. Seed. The special pleas then presented were intended to meet that new proof, and if they had been properly drawn and stated a defense, and were necessary to enable defendant to avail of the facts thus learned, leave should have been granted to file them. The first additional plea offered was in bar of the action on the ground that by virtue of the provisions of section 14 of the by-laws, and the fact that Seed's actual occupation was more hazardous than the statement contained in his application, therefore the certificate was void, and no benefits could be recovered thereunder. The provision of article 10 of the articles of incorporation and section 14 of the by-laws, that an incorrect statement in the application voids the membership, is in conflict with the provision above quoted from section 9 of the by-laws, and with the provision above quoted from the application, to the effect that if the member receives an injury when he is in a place or position pertaining to an employment or business classed as more hazardous than stated in his application and certificate the beneficiary shall receive no greater amount than provided in the classification for the employment in which he then was actually engaged. Appellant concedes this in its brief, but claims it was at the option of the insurer to treat the certificate as void or to classify deceased as the greater risk, thereby reducing the amount of the recovery. We, however, are of opinion that these provisions being in conflict, should be construed against the insurer. Such contracts are in language prepared by the insurer, and should be so construed liberally in favor of the insured as, if possible, to give the indemnity intended. (Niagara Fire Ins. Co. v. Heenan & Co., 81 Ill. App. 678; 181 Ill. 575.) The certificate, therefore, was not void because of the more hazardous occupation, but if the actual occupation was classed as more hazardous the beneficiary was merely restricted to recovery of the lesser benefit provided for the more hazardous occupation. The first additional plea, therefore, did not state a defense. The second additional plea was aimed to restrict the recovery to twelve hundred and fifty dollars,

yet it prayed judgment as to the entire cause of action, and was for that and other reasons bad. The court, therefore, did not err in refusing to permit said pleas to be filed. It was not required to allow an additional plea to be filed to which it must immediately sustain a demurrer. Plaintiff, however, in her brief concedes that defendant was entitled to the benefit of the last mentioned defense under the general issue, and we have therefore allowed defendant the benefit of the proof on that subject without considering whether in fact the general issue was sufficient for that purpose.

To meet the requirement that the beneficiary should give the association ten days' notice of the death, plaintiff offered proof tending to show that after the death of her husband she was very ill, and unable to do business, and that at her request two or three days after the death, Dr. J. S. Geen wrote a letter to the association, advising it of the fact and circumstances of the death, and asked for return of blank proofs of death; placed the letter in an envelope having his return card thereon, addressed it either to the association or to its secretary at the home office, in Des Moines, Iowa, put a postage stamp upon the envelope, and mailed it. Defendant claims the court erroneously allowed this proof to be elicited by leading questions to which it interposed that specific objection. Defendant's objections to those questions should have been sustained, but we find the proof had in fact already been made in answer to leading questions to which no objections were made, and hence no reversible error was committed upon that subject. No answer being received, another letter was written by Dr. Geen, after the expiration of the ten days, and two letters were thereafter written by the administrator of deceased. These letters were not competent in themselves as proof of notice, but were competent as leading up to and explaining a reply by the association to the last letter. This reply was evasive and indicated that a notice of the death had been received, but not such notice as, in the opinion of the officer writing the letter, answered the requirements of the by-law on that

subject. The court will take judicial notice that by ordi-
nary course of post a letter mailed at Utica, Illinois, two or
three days after the death, would reach Des Moines, Iowa,
within ten days after the death. We are of opinion that
the first letter which Dr. Geen testifies he wrote at the
request of plaintiff would be a substantial compliance with
the spirit of the by-law, and that plaintiff's proof made a
*prima facie* case of notice to the company. The only coun-
ter proof was the testimony of the secretary that according
to the regular course of business in his office all mail
addressed to the secretary or to the defendant came to his
desk, and that no letters had been received by him to his
knowledge pertaining to the death of William A. Seed except
the second letter of Dr. Geen and the second letter of the
administrator. The court below evidently found that the
first letter written by Dr. Geen was received, and we do not
feel warranted in disturbing that conclusion upon the pres-
ent proofs. If the association received that notice but did
not consider its details sufficient, we think it should have
so advised plaintiff, that fuller details might have been given.
On this subject in Knickerbocker Ins. Co. v. Gould, 80 Ill.
394, the court said: .

" If a notice of loss was given, defective in form, and the
company received it, and pointed out no defect, and made
no objection thereto, such would no doubt be regarded as a
waiver of sufficient notice.    *    *    *    Where a defective
notice is given, if the company points out the defects, the
insured can supply them by a new notice, and if the com-
pany fails to point out the objections, they may very prop-
erly be regarded as waived."

The following language from Moyer v. Sun Ins. Office,
176 Pa. St. 579, is also pertinent:

"If the insured in good faith and within the stipulated
time does what he plainly intends as a compliance with the
requirements of the policy, good faith equally requires that
the company shall promptly notify him of their objections
so as to give him the opportunity to obviate them; and mere
silence may so mislead him to his disadvantage, to suppose
the company satisfied, as to be of itself sufficient evidence
of waiver by estoppel."    ± Joyce on Insurance, Sec. 3362.

In this connection it is worthy of notice that the by-law requiring ten days' notice of an injury to be given the association, did not provide how that notice should be given, but that by the 11th clause of the application the association required of the member that notice of an assessment under the certificate sent to the post office address of the member should be a sufficient notice to him, and that the affidavit of the secretary that notice of the assessment had been mailed to the member should be conclusive proof such notice had been sent to him.

If the plaintiff gave the notice of death within ten days, section 21 of its by-laws required the secretary to send blanks to the member or beneficiary for proof thereof. The association did not send such blanks, and the beneficiary did not furnish proofs of death as required. Plaintiff relied upon the failure of the secretary to send the blanks as a waiver of proofs of death. As plaintiff's replication did not set up such waiver, but averred proofs of death were furnished within thirty days, defendant argues that plaintiff can not avail of the supposed waiver. It was, however, held in German Fire Ins. Co. v. Grunert, 112 Ill. 68, that while such waiver may be pleaded specially, yet that it is not necessary it should be so pleaded—that the waiver creates an estoppel *in pais*, and from it the legal conclusion is, the proofs were furnished within the time. Proof of waiver was therefore competent. It is the general rule that a mere failure by an insurance company to furnish blanks for proof of loss, upon request, will not operate as a waiver of such proofs, but we take it that rule does not apply, where, as here, the company was under contract to furnish such blanks upon being notified of the death within the ten days. If defendant was duly notified of the death, then we are of opinion its failure to perform its agreement to send blank proofs of death was a waiver of such proofs.

The motion to dismiss the appeal is denied and the judgment is reversed and the cause remanded.