MRS. ANNA L. BEANE *v.* CONTINENTAL CASUALTY CO.

[64 South. 732.]

1. INSURANCE. *Accident insurance. Construction of contract. Changes of occupation.*

Where an accident insurance policy provided, that if the insured meets his death after changing his occupation from that stated in his application to one classified by the company as more hazardous, the company's liability will only be for such proportion of the indemnity as the premium paid will purchase under the schedule of rates fixed for the more hazardous occupation, such a policy adjusts itself automatically to the change of occupation, and while the policy, by reason of a change to a more hazardous occupation is not forfeited, the insured will receive as an indemnity because off such change a reduced amount, that to which he would be entitled for the premium paid at the rate and within the limit fixed by the company for the occupation in which he is employed at the time of his death, and the fact that he was killed while off duty was immaterial in determining the amount of indemnity.

2. ACCIDENT INSURANCE. *Construction of contract.*

A provision in an accident insurance policy that a change of occupation by the insured, after the issuance of the policy to him,

to an occupation classified by the company as more hazardous, will reduce the amount of the company's liability, is reasonable and just and will be enforced by the courts.

APPEAL from the circuit court of Bolivar county.

HON. SAM C. COOK, Judge.

Suit by Mrs. Anna L. Beane against the Continental Casualty Company. From a judgment, plaintiff appeals. The facts are fully stated in the opinion of the court.

*Sillers, Owen & Sillers* and *Chas. Clark*, for appellant.

The sole contention of the appellant in this case is that Beane was not killed or injured in any occupation or exposure more hazardous than that in which he was insured, or while doing any act or thing pertaining to any such occupation, in other words, it being true that Beane was conductor at the time the policy was issued and paid for, and was killed while engaged in the performance of no duty whatever, he was not killed while engaged in a more hazardous occupation, whatever he may have been doing between the two dates, and at the time of his death was taking no risks whatever which were not in the contemplation of the parties at the time the contract of insurance was entered into and paid for. *Mutual Ins. Co.* v. *Ingraham,* 34 Miss. 215; *Shivers* v. *Farmers Mutual Fire Ins. Co.,* 55 So. 965.

All provisions, conditions, or exceptions which in any way tend to work a forfeiture of the policy, should be construed most strongly against those for whose benefit they are inserted, and most favorably toward those against whom they are meant to operate. 1 Cyc. 243, No. 9, sec. 2.

The usual exceptions in an insurance policy are in the nature of conditions as to the subsequent conduct of the insured, and are construed most strongly against the insurer. The conditions having been framed by the in-

surer, are to be construed strongly against those for whose benefit they are reserved. This principle is especially applicable in construing clauses creating a forfeiture or relating to matters subsequent to the attaching of liability. 1 Am. & Eng. Ency. of Law (1 Ed.), p. 306, par. 2 (a).

If the injury to, or death of, the insured, occurs while he is engaged in a more hazardous occupation, then no recovery can be had, or, if a recovery can be had, it can be only for the amount provided for injury or death incurred while engaged in such hazardous occupation; but it must always appear that the insured, when injured was actually engaged in an occupation classified as more hazardous. 1 Cyc. 255, par. B.

*G. Q. Whitfield, M. P. Cornelius, Manton Maverick* and *A. H. Whitfield,* for appellee.

At the outset we desire to call the court's careful attention to the fact that this nonforfeitable provision is two-fold. It is provided that the company's liability shall be only for such proportion of the indemnity as the premium paid by the insured will purchase, at the rate and within the limit fixed by the company for the more hazardous occupation in two contingencies. First, if the insured is injured fatally or otherwise, after having changed his occupation to one classified by the company as more hazardous; second, or while he is doing any act or thing pertaining to any occupation so classified by the company.

What we want the court to notice is, that while it may be true that most of the cases dealing with the true construction of this provision have dealt with a state of facts which arose under the second part of the provision and where the question was whether the insured, at the time of his death, was doing any act or thing pertaining to any occupation classified by the company as more hazardous than that stated in the application, this is true for

the perfectly obvious reason, that it was manifest that if the insured in the various cases had changed his occupation to one classified by the company as more hazardous, that would have ended the controversy then and there, and the company would only have been liable for the reduced amount. But the question was whether the insured, not having changed his occupation, was, at the time of his death, temporarily only, doing some act or thing pertaining to such more hazardous occupation.

Since that is obviously true, the case made by the agreed statement of facts in this record is freed from the difficulties which have beset many of the cases presented in other courts dealing with the second part of the nonforfeitable provision. Of course, this court will take judicial notice of the fact, that the whole business of accident insurance is based on the proper differentiation of the various occupations, with respect to their varying hazards, the premiums being fixed according to the hazards, and the rate to be paid by each insured being determined by the occupation named in the application for the insurance and the policy of insurance, and not otherwise. It must be perfectly manifest, therefore, to this court, that where the insured applies for accident insurance and states in the application that he is a freight conductor, and the policy of insurance is issued naming his occupation as freight conductor, which is classified as being about one-third as hazardous as the occupation of freight brakeman or "freight extra conductor and brakeman," that then the beneficiary of the insured holding such policy, while he is employed as freight conductor, is entitled to the face of the policy, to wit: one thousand dollars for death indemnity if he is fatally injured while engaged in said occupation, and not doing, at the time he is killed, any act or thing pertaining to any occupation classified by the company as more hazardous; and this is true, absolutely, regardless, mark the court, of whether the insured was on or off duty, at the time

he received his fatal injury, because the policy insures against accidental death whether on or off duty, and the amount of recovery in this case is to be determined solely by the occupation engaged in by the insured at the time of his death, whether on or off duty. *Aldrich* v. *Mercantile Mut. Acc. Assn.*, 21 N. E. 873; *Scudder* v. *Bradbury*, 106 Mass. 422; *Odiorne* v. *Ins. Co.*, 101 Mass. 551; *Bothell* v. *National Casualty Co.*, 109 Pac. 590; *Loesch* v. *Union Casualty & Surety Co.*, 75 S. W. 621; *Lane* v. *General Acc. Ins. Co.*, 113 S. W. 324; *Knapp* v. *Preferred Mut. Acc. Assn.*, 6 N. Y. Sup. 57; *Thomas* v. *Masons' Fraternal Acc. Assn. of America*, 71 N. Y. Sup. 692; *Baldwin* v. *Assn.*, 21 Misc. 124 N. Y. Sup. 1016, affirmed in 29 App. Div. 627, 52 N. Y. Supp. 1136; 159 N. Y. 561, 54 N. E. 1089; *Fidelity & Casualty Co. of N. Y.* v. *Joanes*, 62 S. W. 927; *Standard Life & Accident Ins. Co.* v. *John Carroll*, 41 L. R. A. 194.

The foregoing part of this brief has been prepared in advance of the receipt of the brief of the appellant in this case. We have just received the brief for the appellant, and have just finished reading and rereading it, together with the authorities therein cited.

The court will observe that this brief for the appellant makes but one single point, to wit: That the Continental Casualty Company is liable for the full sum of one thousand (notwithstanding the agreed statement of facts sets out that insured had changed his occupation from that of regular conductor to that of extra conductor and brakeman, which latter occupation was expressly classified by the company's manual, made a part of the agreed statement of facts, as that of brakeman, and classified as three times as hazardous as that of regular conductor), for the reason that Beane was killed while off duty. We submit, in all earnestness, that the point has no bearing on the legal question to be decided, and is entirely beside the mark. Furthermore, the point has been anticipated and fully answered in the foregoing part of this brief.

106 Miss. 52

In support of this single point made by appellant's brief, the court will also observe that counsel cites but one sole authority, which he claims supports the point, to wit: *Standard Life & Accident Insurance Company* v. *Koen*, 33 S. W. 133. We deny that that case supports the point he makes, and, affirm, on the contrary, that the reasoning of this case is exactly in accordance with the reasoning of our brief, and the authorities cited therein. We submit that that case was decided correctly, and we submit that it is not in point in this argument, because the facts are totally unlike those embodied in the agreed statement of facts in this record. And, furthermore, the court will especially notice that the language of the provision construed in the policy in that case was totally different from the language of the nonforfeitable provision of the policy to be construed in this case. In the Koen case, the decision was right for the manifest reason that at the time Koen applied for Accidental Insurance, as extra conductor, and, at the time of his death, he was still engaged in the occupation of extra conductor, and had not changed his occupation from extra conductor to that of any more hazardous occupation. We submit that the court decided the case as it did, for that reason, and not at all because of the fact that at the instant he was killed, he was off duty, as contended by appellant.

REED, J., delivered the opinion of the court.

Appellee, an accident insurance company, on February 22, 1909, upon application of Lawrence H. Beane, issued to him its insurance policy, whereby it promised to pay his mother, appellant herein, the principal sum of one thousand dollars upon the death of the insured caused by accident. On December 11, 1910, the insured was accidentally killed, and this is an action by appellant as beneficiary, to recover the full amount of the policy.

In his application for insurance Mr. Beane gave his occupation as "freight conductor." He then resided in

Vicksburg, Mississippi, and was employed by the Yazoo & Mississippi Valley Railroad Company as freight conductor. He afterwards removed to the state of California, and was there employed by the Western Pacific Railroad Company as a "freight brakeman" and as a "freight extra conductor and brakeman." This case was tried in the court below before the circuit judge, jury being waived, upon an agreed statement of facts.

We take the following from that statement to show the employment of the insured about the time of his death: "The last trip he made was as freight brakeman, when on the morning of the 10th of December, 1910, he returned from a trip as freight brakeman on said road; that on his next trip, if he had lived, he might have been employed as freight brakeman, or as freight conductor; he being 'brakeman and extra conductor,' and it being impossible to state positively whether he would next have gone out on the road as brakeman or as extra conductor." We further quote from the statement: "That on the 11th day of December, 1910, while off duty, he was killed immediately, through external, violent, and purely accidental means, within the meaning of the policy."

One of the provisions in the insurance policy is: "Art. IV. Nonforfeitable Provisions. If the insured is injured, fatally or otherwise after having changed his occupation to one classified by the company as more hazardous than that herein stated, or while he is doing any act of thing pertaining to any occupation so classified by the company, the company's liability shall be only for such proportion of the indemnity herein provided as the premium paid by him will purchase at the rate and within the limit fixed by the company for such more hazardous occupation."

In the agreed statement it is shown that in the railroad classification manual, form 2168, of appellee company, a freight conductor is given classification "F. C.," and a freight brakeman is given classification "B. & S.," and

that said manual provides: ''When applicant has more than one occupation, that of the greatest hazard must always determine the classification.'' It is also shown that the premium paid by the insured for his classification of freight conductor entitled him to an indemnity of one thousand dollars for accidental death, and that the same premium would have secured for him, while in the occupation of freight brakeman on the Western Pacific Railroad, an indemnity amounting to three hundred and twenty-seven dollars for such accidental death. There was an accumulation of fifty dollars on the policy. So that, if the insured had been killed by accident, while in the occupation of freight conductor, his beneficiary should have received one thousand and fifty dollars.

We quote as follows from the concluding paragraph in the agreed statement: ''That the sale and only point in controversy is whether or not under the facts the said nonforfeitable clause applies; that, if it does apply, the amount due is three hundred and twenty-seven dollars, that if it does not apply, the amount due is one thousand and fifty dollars; that all the requirements of the policy as to notice and final proof have been complied with; and that the proposition of law as to whether or not the nonforfeitable provision of the policy applies to the same, as hereinbefore set forth, is the only point at issue.''

It is the contention by appellant that there should be no reduction in the indemnity, for the reason that the insured was not killed while engaged in a more hazardous occupation than that he was in when the policy was issued to him, because he was not engaged in the performance of any duty whatever of his occupation when he lost his life, and because he was not, at the time, doing any act or thing pertaining to such occupation more hazardous than that of freight conductor.

It will be noted that the insured returned from the trip on the railroad as freight brakeman on December 10,

1910, and that he met his death on the next day, while off duty. When he was accidentally killed, his employment was in a different occupation from that when he was insured. Under the manual of the appellee company, the occupation of freight brakeman is more hazardous than that of freight conductor. If the insured, as an employee, has more than one occupation, like in the present case, as a freight extra conductor and brakeman, by the manual, the greatest hazard must determine the classification.

It will be noted by the policy, the instrument setting forth the contract of insurance, if the insured meets his death after changing his occupation from that stated in his application to one classified by the appellee company as more hazardous, the company's liability will only be for such proportion of the indemnity as the premium paid will purchase under the schedule of rates fixed for the more hazardous occupation.

It is contended by counsel for appellee that such a policy adjusts itself automatically to the change of occupation of the insured; that while the policy, by reason of a change to a more hazardous occupation, is not forfeited, the insured will receive as an indemnity because of such change a reduced amount, that to which he would be entitled for the premium paid at the rate and within the limit fixed by appellee company for the occupation in which he is employed at the time of his death.

Under the contract, it is a question of occupation. The insured, giving his occupation, that is, his business or calling in life, his employment by means of which he earns a livelihood, contracted for a certain indemnity by payment of a certain premium. The insurer based the rate of premium upon the occupation of the insured. After this contract was made, the insured changed his employment to a more hazardous occupation under the classification of the insurer. Under the terms of the contract this did not forfeit his policy, but only reduced the amount of the indemnity.

In Fuller on Accident Employers' Liability Insurance, page 44, we find the following touching the risks of occupation: "The general purpose of classifying occupations is to enable the company to fix the rate of premium and protect itself from fraud or misrepresentation, by preventing those whose ordinary occupation renders them more liable to accident from obtaining insurance at the same rate as those whose professions or occupations in life are usually attended with less peril and less exposure to danger." We quote from the same volume, page 336, as follows: "In most policies of accident insurance, the amount of the liability of the insurance company is dependent upon the occupation of the insured. The risks which are insured against are classified according to the employment, or occupation, and various rates or premiums are charged, according as the employment is more or less dangerous. . . . The contract of insurance depends primarily and essentially upon an equitable adjustment of the premiums and the risks assumed. Under these policies of insurance the various occupations of life are divided into several classes, depending upon the degree of risk or hazard which they involve. . . . The clause which provides for the reduced indemnity is regarded by the courts as a special contract, contemplating a future change of occupation by the assured. Such a change of occupation does not avoid the policy. It simply limits the amount of indemnity, so as to accord with the increased hazard."

Mr. Cooley, in Briefs on the Law of Insurance, volume 4, page 3306, says: "One of the most important limitations in accident policies is that making the extent of liability dependent on the occupation of the insured." And, continuing a discussion of the same subject (page 3307), he says: "The clause providing for reduced indemnity if insured is injured in a more hazardous occupation must be regarded as a special contract contemplating a future change of occupation"—citing *Standard Life & Accident Ins. Co.* v. *Carroll*, 86 Fed. 1567, 30 C. C. A. 253, 41 L. R.

A. ·194. "The policy is not, therefore, rendered void by the change, but recovery under the policy is limited to the reduced amount"—citing *National Masonic Acc. Assn.* v. *Seed*, 95 Ill. App. 43.

In the case of *Standard Life & Accident Insurance Co.* v. *Carroll*, 58 U. S. App. 76, 86 Fed. 567, 30 C. C. A. 253, 41 L. R. A. 194, it was decided that "a provision in an accident insurance policy for small indemnity, in case the insured is injured while engaged in an occupation more hazardous than that specified in the application, is reasonable, and will be enforced by the courts." In delivering the opinion of the court, Judge ACHESON said: "The parties contracted with reference to a future change of occupation by the insured. Such change was not to avoid the policy. It was allowable upon agreed terms. The change of occupation simply altered the amount of indemnity, so as to accord with the increased hazard. This is the plain contract of the parties, evidenced by the policy itself. The provision for changes of occupation and hazard is reasonable and just, and, indeed, in the interest of the holders of accident insurance policies. We discover no good reason here for denying effect to the provision."

The contract in this case is clear. The provision that the change of occupation by the insured, after the issuance of the policy to him, to an occupation classified by the company as more hazardous, will reduce the amount of the company's liability, is reasonable and just. Whether he was on duty or off duty when he met his death by accident cannot have any effect in determining the amount of the indemnity to be paid the beneficiary. Under the plain terms of the contract, it is a question of occupation. Considering together the facts as shown in the agreed statement and the contract of insurance, we believe that the circuit judge was right in deciding that appellant was only entitled to recover the sum of three hundred and twenty-seven dollars and costs.

*Affirmed.*