## BASHARA v. HOPKINS, Collector of Internal Revenue.

(Circuit Court of Appeals, Fifth Circuit. December 6, 1923. Rehearing Denied January 31, 1924.)

No. 4156.

Internal revenue ⊂⇒28—That assessment of tax is barred by limitation does not authorize suit for injunction.

An allegation that assessment and collection of an internal revenue tax is barred by limitation does not render inapplicable Rev. St. § 3224 (Comp. St. § 5947), providing that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court"; complainant having the right to maintain an action for recovery of the tax after payment, in which he can raise any question as to its validity.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Suit in equity by M. J. Bashara against George C. Hopkins, Collector of Internal Revenue. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 290 Fed. 592.

W. F. Weeks and Harry Weeks, both of Wichita Falls, Tex. (Arnold R. Baar, and John M. Sternhagen, both of Chicago, Ill., on the brief, as amici curiæ), for appellant.

Henry Zweifel, U. S. Atty., and N. A. Dodge, Sp. Asst. U. S. Atty., both of Fort Worth, Tex. (Nelson T. Hartson, Solicitor of Internal Revenue, and Chester A. Gwinn, both of Washington, D. C., Atty. Treasury Dept., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. The appellant filed his bill in equity to enjoin the appellee, individually and as collector of internal revenue, from levying a distraint to collect the sum of $2,522.64, assessed against the appellant by the Commissioner of Internal Revenue.

The bill avers that on April 1, 1918, the appellant filed with the collector of internal revenue an income tax return for the year 1917 showing a total tax liability of $6,904.61, which he promptly paid; that on March 17, 1923, the Commissioner of Internal Revenue notified the appellant that his total tax liability for the year 1917 was $2,522.64 in excess of his return, and that an assessment for taxes in the additional amount would be made; that such assessment was made, and thereafter, on April 2, 1923, the appellee made a written demand for payment; that the appellant is possessed of valuable property, consisting chiefly of real estate, and also has on deposit in various banks the money necessary for the conduct of his business, for the maintenance of himself and family, and for the payment of his obligations; and that the appellee, unless enjoined, would seize the said bank accounts and appropriate the same to the satisfaction of the assessment for taxes.

The District Court denied the application for an injunction, and upon appellee's motion dismissed the bill of complaint. The bill does not aver that the assessment is incorrect, and it is a fair inference from the averments it does contain that the appellant is amply able to pay the amount which the government is seeking to collect. We are of opinion that the appellant has an adequate remedy at law, in that he may, after paying the amount of the assessment, sue the collector for its return. We take judicial notice that April 1, 1923, fell on Sunday. The list containing the assessment against the appellant was in the hands of the collector in Texas on Monday, April 2, 1923, and must therefore have been signed by the Commissioner of Internal Revenue and mailed from Washington before the 1st day of that month. It thus appears that the assessment was made within the statutory period of five years from the date of appellant's return, which was filed April 1, 1918.

The bill is sought to be maintained upon the theory that, under section 250 (d) of the Revenue Act of 1921 (42 Stat. 227 [Comp. St. Ann. Supp. 1923, § 6336⅛tt]), any proceeding for the collection of taxes for the year 1917 is barred, because five years had elapsed since the appellant filed his return, and that R. S. § 3224 (Comp. St. § 5947), which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court," is inapplicable. The Supreme Court has ruled directly against this position in Graham v. DuPont, 262 U. S. 234, 43 Sup. Ct. 567, 67 L. Ed. 965. In that case the assessment was made after the expiration of the statutory period, but it was held nevertheless that injunction would not lie, because of section 3224. It is true in this case, as it was in the cited case, that under the Act of March 4, 1923 (42 Stat. 1504), the complainant has two years after payment of the tax to bring suit to recover it back, in which suit he can raise any question affecting the validity of the assessment.

The order of the District Court is affirmed.