## J. P. STEVENS ENGRAVING CO. v. UNITED STATES.

### No. 1245.

District Court, N. D. Georgia.

Nov. 15, 1930.

Joseph B. Brennan and Sutherland & Tuttle, all of Atlanta, Ga., for plaintiff.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga.

SIBLEY, District Judge.

J. P. Stevens Engraving Company, a corporation, filed its income tax return on October 21, 1921, covering its fiscal year ending July 31, 1921. The Revenue Act of 1918 (40 Stat. 1057) was then in force, but the Revenue Act of 1921 took effect on November 23, 1921 (42 Stat. 227). On February 3, 1926, the secretary and treasurer of the company executed, in its name, a consent to extend the time for the assessment of the amount of taxes under the return until December 31, 1926; the Commissioner also signing it. No consideration is recited save that it is done in pursuance of the provisions of the existing revenue laws. On August 28, 1926, an additional tax was assessed

and later paid under protest. A refund being refused, this suit was brought, setting out these occurrences, and seeking to recover the payment on the ground that the tax liability was barred when assessed, in that the consent was executed without corporate authority and without consideration, and under a mutually mistaken belief that the tax liability was then not barred. Cancellation of the consent is prayed. A general demurrer, or motion to dismiss, is for decision.

The laws fixing limitations of time against the United States in the assessment and collection of taxes, and against taxpayers in claiming refunds, constitute a growing and often altered system not to be viewed as conditions on the right to tax, but, like other limitation laws, as affecting by their own force only the remedy. The special legislation of section 1106(a) of the Revenue Act of 1926 (26 USCA § 1249 note), in addition affirmatively provided that liability as well as remedy should be destroyed by the limitations, but with confused reservations which seem to apply in some way as a test the true amount of the tax. This, however, was repealed by section 612 of the Revenue Act of 1928 (45 Stat. 875) and by sections 607 and 608 of that act (26 USCA §§ 2607, 2608) the payment of barred taxes was declared to be an overpayment and thus refundable and the payment of barred refunds to be erroneous. But before this special additional legislation was passed, the limitations applying to the tax officers did render unlawful an assessment and distraint after the time fixed, so that a collection forced by the use of the barred remedy or through threat to use it was not voluntary payment but a legal wrong which could be redressed by suit for refund. This was the view taken by the Circuit Court of Appeals in Bashara v. Hopkins, 295 F. 319. This much has been said with a view to establishing the independence of the limitation legislation from the imposition itself of the tax, and to show the power of Congress to alter the former independently of the latter and after the taxes to be affected have accrued and become due. The question of limitation in consequence is generally to be determined, not by the law of force when the tax accrued, but by that of force when the collection is attempted. This collection was attempted August 28, 1926, by an assessment. The Revenue Act of 1926 was then of force. By its section 277(a)(2) and (3), 26 USCA § 1057(a)(2, 3), "the amount of income * * * taxes imposed by the Revenue Act of 1921 * * * for

the taxable year 1921 * * * shall be assessed within four years after the return was filed," but "The amount of income * * * taxes imposed by * * * the Revenue Act of 1918 * * * shall be assessed within five years after the return was filed." This return was filed October 10, 1921, under the Act of 1918, but covered a fiscal year five months of which were included in the calendar year 1920 and seven in the calendar year of 1921. Section 205(a) of the Act of 1921 (42 Stat. 232) provided that in such case the tax for the calendar year of 1920 as fixed by the Act of 1918, and that for the calendar year 1921, as fixed by the Act of 1921, shall be apportioned according to the fraction of the fiscal year falling in each. It happens that the tax for the calendar year 1920, imposed by section 230 of the Act of 1918 (40 Stat. 1075), is the same as that imposed for the calendar year 1921 by section 230 of the Act of 1921 (42 Stat. 252). Nevertheless the tax sought to be assessed on the return must be held to be imposed for five months under the one act and for seven months under the other. Assessment of the portion for 1921 was barred, therefore, by the four-year limitation on October 10, 1925, and that for 1920 would, under the five-year limitation, not be barred until October 10, 1926. It will be noted that the periods of limitation for the collection of taxes, by the language of section 277(a) of the Act of 1924 (26 USCA § 1057 note) and 277(a) of the Act of 1926 (26 USCA § 1057 note) and section 275 of the Act of 1928 (26 USCA § 2275), depend upon which act imposed the tax, while section 250(d) of the Act of 1921 (42 Stat. 265) seemed to make the act under which the return was filed the determining factor. Under the last-named act one limitation period applied to the whole tax assessable on any return, but under the Act of 1926, here applicable, different periods of limitation may apply where a return covers a fiscal year differing from the calendar year.

But the Act of 1926, in section 278(c), 26 USCA § 1060 note, contains the further provision: "Where both the commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the * * * period agreed upon." This provision justifies the assessment of the 1921 part of the tax if the consent exhibited in the petition is valid. It is signed by the Commissioner and in the name of the taxpayer by its secretary and treasurer. This fiscal officer

824

of the corporation, who must swear to its return and who is charged with the duty of paying its taxes, prima facie has authority to make this consent. He even affixed the corporate seal in this case. The petition alleges no defect of authority except that the directors had taken no action. No case has been produced to show that action of the directors is essential generally to the making of such a consent for a corporation, nor is any restrictive provision of charter or by-laws alleged. As against the claim of want of authority in the secretary and treasurer, the consent is held good. But it is further claimed that the bar had attached in October before the consent was made in February, and the consent consequently was not within the statute. The corresponding provision of the Act of 1928, section 276(b), 26 USCA § 2276, is definitely restricted to consents made before the expiration of the period of limitation. No such restriction appears in the section of the Act of 1926, above quoted, nor in section 278(c) of the Act of 1924 (43 Stat. 300), of force when the consent was signed, and referred to in it. The Court of Appeals for the District of Columbia, in Joy Floral Company v. Commissioner, 58 App. D. C. 277, 29 F.(2d) 865, held that the later act was a legislative clarification of the former ones, and that under all of them a consent executed after the bar had attached was ineffectual to restore the right to collect the tax. This view has been followed in Spear v. Heiner (D. C.) 34 F.(2d) 795, and Pictoral Printing Co. v. Commissioner (C. C. A.) 38 F.(2d) 563, and Columbian Iron Works v. Brock (D. C.) 38 F.(2d) 816. It was apparently disagreed to in Brown Lumber Co. v. Commissioner (C. C. A.) 38 F.(2d) 425. I adopt the view of the former decisions.

The question is not of the common law effect of an agreement to pay a barred tax or waive the benefit of the statute of limitations, but whether there is a statutory consent which raises an exception to the general bar imposed by the statute. The tax officers can proceed only by virtue of the statutes, and must proceed strictly according to them. They cannot properly collect barred taxes, nor create exceptions to the bar fixed by law. The limitations were fixed by Congress under a policy of repose and with the purpose of having tax liabilities closed up more promptly; the time basis being shortened with each successive act. To permit the tax officers liberty to reopen any tax account at any time by obtaining in some manner the consent of the taxpayer, would greatly disturb this policy. Before the account is closed by the bar of limitation, there may be a mutually beneficial reason for not making a hasty assessment which would not apply afterwards. The tax liability may be continued by consent, but cannot be thus restored. A consent made at a time not authorized by the statute avails no more than if it had been made orally instead of in writing. This consent is invalid and needs no cancellation.

The petition is good for the recovery of the taxes imposed for 1921, but bad as to those imposed for 1920.