## WILLIAM A. LATHAM

### *v.*

### JOHN E. SMITH.

PROMISSORY NOTES — *not required to be stamped.* Under our laws a promissory note need not be stamped to make it a valid instrument and competent evidence in the courts of this State, as required by the act of Congress June 30, 1864.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This is the same case referred to in the preceding opinion, which, upon being remanded, was again tried in the court below, the trial resulting as before, in favor of the defendant, and the plaintiff appealed to this court. The principal question arising on the record is, whether the congress has the power to require that an instrument shall be stamped, as a condition precedent to its admissibility in evidence in a State court.

Messrs. WILLARD & GOODNOW, for the appellant.

Mr. B. B. SMITH, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The note in this case bears date August 26, 1865, and is, of course, so far as the "stamping" is concerned, governed by the act of congress of June 30, 1864. Section 158 of that act provides, "that any person who shall make, sign or issue, or who shall cause to be made, signed or issued, any instrument, document or paper of any kind or description whatsoever, or shall accept, negotiate or pay, or cause to be accepted, negotiated or paid, any bill of exchange, draft or order, or promissory note for the payment of money, without the same being duly stamped, or having thereupon an adhesive stamp for denoting the tax

chargeable thereon and canceled in the manner required by law, *with intent to evade the provisions of this act*, shall, for every such offense, forfeit the sum of fifty dollars; and such instrument, document or paper, bill, draft, order or note, not being stamped according to law shall be deemed invalid and of no effect."

By schedule B attached to the act, the note in question was subject to a stamp duty of five cents.

There is no proof whatever, nor is there any ground for the presumption, that the stamp was omitted with the intent to evade the provisions of this act, but through sheer forgetfulness or ignorance. A stamp, however, was placed upon it by the payee of the note before suit was brought on it, so that the revenue has not been deprived of the duty.

The note was made for a good and valuable consideration, and recognized by the laws of this State as a valid instrument, and competent evidence in the courts of the State to charge the party making it with the debt specified in it.

While we concede to the congress the power to lay and collect taxes, duties, imposts and excises to pay the debts of the Union, we deny its power to go into the States, and under the pretense of laying and collecting such taxes, take away from the States legitimate and long established rights which they have ever, and for their own preservation must be allowed to exercise without question. The principle of the case of *McCulloch* v. *The State of Maryland,* 4 Wheat. 316, sanctions this view.

We have no time now to enter into an extended argument in support of the position we assume, nor do we conceive much argument is necessary. If our system of government is to remain, as the wise and good men fashioned it, a strictly federative system, the States sovereign over all subjects within their proper sphere of action, as the general government is over all subjects confided to it by the Constitution, then no power exists in the congress to declare by law what shall, or shall not be evidence in a State court, and what domestic contracts made by the people of the States, in virtue of their own

laws, and having no connection with the federal government, shall be valid or the contrary. The general government is as powerless in this regard as a State would be which should attempt to interfere with the subjects and rights exclusively confided to the general government.

Our system of government while complex, is, when put in motion and moving, as it was for more than sixty years, simple and well understood, and has been productive of happiness, and made all the people subjected to it, secure in their property, their lives and liberty.

Like the solar system with the powerful central sun around which the planets move in their prescribed orbits, so do the States, each sovereign in its sphere, move in their allotted orbits, and like the planets have their own independent revolution, each on its own axis; should either move wildly from its sphere, wide spread ruin would be the inevitable result.

The power of congress to tax these instruments can be effectually carried out by the imposition of a fine upon the negligent party, if willfully so, and the innocent payee fully protected without any encroachment upon the right of the States to make the instrument valid as evidence in their own courts, and for all other purposes germane to its execution.

This view of the case renders it unnecessary to discuss the several instructions to which exceptions were taken. The judgment must be reversed and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*

LAWRENCE, J., dissenting.