## TALMON F. HANFORD

*v.*

## JACOB OBRECHT.

1. CHATTEL MORTGAGE—*irregularity in the foreclosure proceedings—does not invalidate the mortgage.* The validity of a chattel mortgage is not affected by reason of an irregularity in the proceedings to foreclose it.

2. STAMPS—*instruments offered in evidence in the courts of this State—require no stamps.* Instruments are not required to be stamped to be evidence in the courts of this State. And no unfavorable inference can be drawn against the party offering such unstamped instrument, by reason of the want of a stamp.

3. PRACTICE AT LAW—*objections to evidence—must be made at the time it is offered.* The correct practice is, that an objection to evidence, thought to be improper, must be made at the time such evidence is offered, stating the reasons for such objection, which, if not sustained, an exception must be taken to the ruling of the court admitting it.

4. SAME—*of evidence not objected to.* This court does not favor the practice of excluding from the jury evidence which has been admitted without objection.

5. EVIDENCE—*relative to particular facts and issues.* Where, on the second trial of an action of replevin, the plaintiff, to prove his title to the property in controversy, introduced in evidence a bill of sale purporting to have been made to him by the purchaser of such property at a mortgage sale thereof: *Held*, that it was proper for the defendant to show that such bill of sale was not introduced in evidence on the former trial, and thereby place the plaintiff in a situation requiring an explanation of why he failed to produce it.

6. SALES—*of personalty—to bind creditors and subsequent purchasers.* A sale of personal property, to be binding on creditors and subsequent purchasers, must be entered into in good faith and for a valuable consideration, and not with intent to hinder or delay creditors.

7. INSTRUCTIONS—*must be based upon the evidence.* It is error for the court to give to the jury an instruction which is not based upon the evidence.

8. CHATTEL MORTGAGES—*possession by mortgagor after default.* The principle is well settled, that where a mortgagor of chattels retains the possession of the mortgaged property, by or through the act of the mortgagee, after default made, such retention is fraudulent *per se.*

9. But where, after the default of the mortgagor, a sale of the property under the mortgage is had, and purchased by a third party, in good faith and for a

valuable consideration, who leaves it in the possession of the mortgagor, then, possession so acquired by the mortgagor would be lawful.

10.   VERDICT—*in replevin.*   In an action of replevin, the pleas were—1st, *non cepit*; 2d, property in the defendant; 3d, property in third person, and 4th, justification of the taking under an execution against such third person.   The verdict was, under the direction of the court, " We, the jury, find the defendant not guilty, and the right of special property to be in the defendant."   *Held,* that this was error.   The verdict, in such case, should have been, We, the jury, find the issue for the defendant; that the property was the property of the party defendant in the execution.

APPEAL from the Circuit Court of Kankakee county ; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion fully states the case.

Mr. THOMAS P. BONFIELD, for the appellant.

Mr. STEPHEN R. MOORE, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin, brought to the Kankakee Circuit Court, by Talmon F. Hanford, against Jacob Obrecht, the sheriff of that county, who had levied an execution in his hands, in favor of Otto Immelt, against Talmon Hanford, on the property in question.

The property consisted of household furniture chiefly, and it appeared that Talmon Hanford was the father of Stephen F. Hanford and also of the plaintiff, and that he did, on the 14th of April, 1862, execute a mortgage to Stephen of the property, conditioned, if he should pay Stephen five hundred and fifty dollars, with ten per cent. interest, on the 14th of April, 1864, being the amount of a promissory note of that date, then the mortgage was to be void.   In default thereof, Stephen might seize the property, and sell it at public or

private sale, to the highest bidder for cash, after giving ten days' notice of the time and place of the sale, together with a description of the property to be sold, in at least five of the most public places in the vicinity of the place where the sale should be had, to satisfy the debt.

On the 25th of April, 1864, Stephen executed a bill of sale of this property to the plaintiff, his brother, which recites the making and the terms of the mortgage from his father, Talmon, and then states that on the 14th day of April, 1864, the money due by the mortgage being unpaid, he took possession of the property and placed the same in the hands of a custodian until the time of sale; and for ten days previous to the sale, he had posted five advertisements of the sale in the most public places in the vicinity of Talmon Hanford, in the town of Manteno, in Kankakee county, that the property would be sold to the highest bidder, at the residence of Talmon Hanford, in that town, on the 24th day of April, 1864, at ten o'clock in the morning, for cash, at public or private sale, and that at such time and place, he sold the property to the plaintiff, at private sale, for five hundred and forty dollars.

This was all the evidence in chief on the part of the plaintiff. He gave some rebutting testimony of no importance.

The defendant moved to exclude the mortgage and bill of sale—the mortgage, because there was no evidence of a sale of the property under the mortgage—the bill of sale, because it had no revenue stamp, and because it was not evidence of a sale, and because it was not accompanied by evidence that the conditions of sale, as provided in the mortgage, had been complied with.

The motion was denied and exception taken.

The objection to the mortgage was not tenable on the reason given. The mortgage may be valid, and yet the proceedings under it be irregular and invalid. These do not affect the validity of the mortgage.

The objection to the bill of sale for the reason of the absence of a revenue stamp upon it, is without foundation, as this court decided in the case of *Craig* v. *Dimock*, 47 Ill. 308. The other objection, that the bill of sale was not evidence of a sale, it being unaccompanied by evidence that the conditions for a sale, as provided in the mortgage, had been complied with, can not avail, as it was admitted in evidence without any objection. The objection comes too late. It has been the practice, in some courts, to exclude evidence from the jury which has been admitted without objection, but we are not inclined to favor it. The true practice is, when evidence thought to be improper is offered, to object to it, stating the objections, and if not sustained, then to except to the opinion of the court admitting it.

It was proved on the part of the defendant, by his own testimony, that he had no interest in the case; was sheriff merely, with an execution against Talmon Hanford, from the circuit court of Kankakee county, dated April 21, 1864, reciting, that it issued on a judgment rendered by that court at January term, 1862, and a levy endorsed June 8, 1864. The property was in Talmon Hanford's possession at the time of the levy. He further stated, against the objection of the plaintiff, that this bill of sale was not produced in evidence on the former trial.

The absence of plaintiff was proved by a witness, who stated he went away the fall before the trial. Witness knew of the chattel mortgage sale; it was a public sale; the notices of the sale put it on Sunday; to be at old Mr. Hanford's house; was furniture; does not know that the sale took place on Sunday.

The jury found the defendant not guilty, and that he had a special property in the goods and chattels in question.

A new trial having been refused, judgment was rendered on the verdict, to reverse which, the record is brought here by appeal.

The first point made by appellant, is in allowing the bill of sale to be attacked and discredited, by asking the sheriff the question, and allowing him to answer, that the bill of sale was not introduced as evidence on the former trial.

Whether this had the effect to discredit the bill of sale or not, is immaterial. The question itself was proper, as being part of the transaction and the foundation of plaintiff's claim. It was proper for the defendant to place plaintiff in the situation of explaining why he did not introduce the bill of sale on the former trial, or suffer the effect of such failure.

The next point is, that the first, second, fourth and fifth instructions on behalf of the defendant, should not have been given.

The first instruction contains a correct legal principle everywhere recognized, that a sale of personal property, to be binding on creditors and subsequent purchasers, must be entered into in good faith and for a valuable consideration, and not with intent to hinder or delay creditors.

The second instruction was wrong, as there was no evidence the sale under the mortgage was made on Sunday. The witness, Hazlitt, stated it was advertised for that day, but did not know that it was made on Sunday. No witness stated it was made on Sunday. The fourth instruction was wrong, there being no evidence that Stephen Hanford, the mortgagee, suffered the property to remain in the hands of the mortgagor after the time of limitation by the deed had expired. The proof is, that Talmon F. Hanford, who had purchased it under the mortgage, had so suffered it to remain in his father's possession. The bill of sale recites, that Stephen, the mortgagee, had taken it out of his possession before the 14th of April, 1864, and placed it in the care of a custodian and then sold it to plaintiff.

The fifth instruction was proper. Much of the case depended upon the fact of possession by the mortgagor after default. If he had not reduced the property to possession, the retention

of it by the mortgagor, after the day, was fraudulent *per se*, if such possession was retained by and through the act of the mortgagee.

But the proof, by the bill of sale, shows, that Talmon F. purchased the property, after default of the mortgagor, and he, and not Stephen, left it with his father. If this was a *bona fide* transaction, then the possession by old Mr. Hanford would be lawful and not fraudulent, as the case is presented.

It is also objected, that the third of defendant's instructions was wrong. It was, we think, calculated to mislead the jury, by saying to them, if the bill of sale had no stamp on it, it was a circumstance from which fraud might be inferred. We have said such instruments need not be stamped, to be evidence in our courts, and no inference unfavorable to a party, can be drawn by reason of the want of a stamp.

An objection is also taken to the sixth instruction, and we think well taken.

The sixth instruction tells the jury the form of their verdict will be, if they find for the plaintiff, " We, the jury, find the defendant guilty, and the right of property replevied to be in the plaintiff." If they find for the defendant, their verdict will be, " We, the jury, find the defendant not guilty, and the right of special property to be in the defendant." .

Technically, a verdict of not guilty, is not a response to the plea of *non cepit* in an action of replevin, but has been allowed by this court. *Bourk* v. *Riggs*, 38 Ill. 320.

The plea of *non cepit*, by itself, admits the property to be in the plaintiff, and puts in issue the taking only; therefore, it does not follow, if the plea be found for the defendant, that a special property in him, is the consequence. The issue, under the plea of *non cepit*, should be, really, for the plaintiff, for the defendant admitted he took it under the execution, but justified, on the allegation it was the property of Talmon Hanford, the defendant in the execution. The verdict should have been, We find the issue for the defendant; that the

property was the property of Talmon Hanford, the defendant in the execution.

For the reasons given, the judgment is reversed and the cause remanded.

We say nothing upon the point that the sale was made on Sunday, as there is no proof of that fact.

*Judgment reversed.*