## William S. Sammons v. Silas Halloway.

*Evidence : Unstamped note : U. S. revenue laws.* An unstamped promissory note is admissible in evidence in the State court, notwithstanding the neglect to comply with the revenue laws of the United States,—*Clemens v. Conrad*, 19 *Mich.*, 170,—and when admitted, the want of a stamp will not affect its force as evidence.

The right of Congress to enforce the collection of stamp duties by proper penalties is undoubted: but to make void a contract, made in one of the

states, between the citizens thereof, which is permitted by the local law, is not a proper penalty under our political system.

*Heard and decided July 11.*

Error to Lenawee Circuit.

This was an action of *assumpsit*, brought by Silas Halloway in the Circuit Court for the County of Lenawee, upon a promissory note made by William S. Sammons; the principal defense to which was that the note was not stamped as required by the revenue laws of the United States. The plaintiff below had a verdict and judgment, and the defendant brings error.

*Geo. L. Bachman* and *C. A. Stacy*, for plaintiff in error.

*Eldredge & Walker*, for defendant in error.

COOLEY, J.

Halloway sued Sammons upon a promissory note. Sammons defended on the ground that it was not sufficiently stamped under the United States revenue laws, and consequently was neither admissible in evidence, nor could a recovery be had upon it if admitted. The Circuit Judge ruled otherwise. We think this ruling correct.

We decided in the case of *Clemens v. Conrad* (*19 Mich., 170*) that the provision of the act of Congress which precluded unstamped instruments being received in evidence had no application to the state courts. We did not undertake to say what should be the effect of such instruments when received in evidence, because the case then before us did not call for such a decision. But it legitimately follows that if they are receivable in evidence, it is because when received they have a bearing upon the issue, which would not be the case if they were utterly void.

We have no doubt of the right of Congress to lay stamp duties, and to impose penalties, which may be

collected by proper judicial proceedings, for any violation of their regulations on that subject. But to make void a contract made in one of the states between citizens thereof, and which is permitted by the local law, is not a proper penalty, and is not admissible under our political system. There is no hint of such a power in our federal Constitution, and it is inconsistent with the unquestioned right of the states to regulate in their own way the matters of local trade and commerce. What Congress might do regarding contracts which fall within the domain of foreign or inter-state commerce we do not undertake to say; but the formalities of contracts like the one in question are matters exclusively of State regulation, and if the federal government imposes taxes upon these instruments, it must compel their payment in some other mode than by imposing it as a condition precedent to the exercise of a right which the State, under the distribution of power by the federal Constitution, permits to its citizens. Judgment affirmed.

The other Justices concurred.