## EDWIN A. BOWEN

*v.*

## MICHAEL BYRNE.

| 55  | 467 |
|-----|-----|
| 95a | 45  |
| 55  | 467 |
| 195 | 29  |

STAMP ACT—*effect of omission of stamps upon contracts.* The omission of stamps, required by act of congress to be placed upon written contracts, does not affect the validity of such instruments, or their admissibility in evidence, in the courts of this State.

WRIT OF ERROR to the County Court of LaSalle county; the Hon. P. K. LELAND, Judge, presiding.

On the tenth of May, 1865, Shaw executed and delivered to Bowen, a mortgage upon certain lots in the city of LaSalle, to secure certain promissory notes due to the latter. Byrne, claiming to have purchased the lots from the mortgagor, filed his bill in chancery in the court below, for the purpose of having the mortgage declared void, for the reason that neither the mortgage, nor the notes to secure which it was given, had stamps placed thereon, as required by act of congress.

Upon a hearing, the county court decreed according to the prayer of the bill, for the reason alleged. Bowen, the mortgagee, thereupon sued out this writ of error.

Messrs. CRAWFORD & BECK and Mr. LUCIEN B. CROOKER, for the plaintiff in error.

Messrs. BULL & FOLLETT, for the defendant in error.

Per CURIAM: Defendant in error filed a bill to enjoin the collection of a note and mortgage, because they were not stamped according to the act of congress, and that the same be cancelled, and for naught held. He claimed to be the owner of the mortgaged property.

This court has frequently decided, that a stamp is not necessary to the validity of such instruments, and to their admissibility as evidence, in the courts. *Latham* v. *Smith*, 45 Ill. 29 ; *Craig* v. *Dimock*, 47 Ill. 308 ; *Bunker* v. *Green*, 48 Ill. 243 ; *Hanford* v. *Obrecht*, 49 Ill. 146.

The decree must be reversed and cause remanded.

*Decree reversed.*