## S. H. WATSON v. T. M. MIRIKE.

Decided March 6, 1901.

**1.—Plea in Abatement—Jurisdiction—Waiver.**

A plea in abatement alleging that plaintiff fraudulently stated his claim in the amount for which he sues for the purpose of conferring jurisdiction on the court, is waived where defendant permits three terms of court to pass without calling attention to the plea. Rev. Stats., art. 1269.

**2.—Jurisdiction—Amount—Amendment.**

The amount of the demend as set up in the amended petition upon which plaintiff goes to trial is the amount in controversy, and this amount prima facie determines the jurisdiction of the court.

**3.—Rent Payable in Kind—Measure of Damages.**

Where plaintiff sues for rent payable in products, the measure of damages is the market value of such products at the time the rent accrued, with interest to the time of trial.

**4.—Landlord and Tenant—Exemption in Lease from Damages for Distraining.**

A provision in a lease exempting the landlord, in the event he should distrain for rent, from any claim for damages alleged by the tenant for any cause whatever, is valid, and will exempt the landlord from damages arising from a legal distraint, but not from an illegal and unjust suing out of the writ.

**5.—Evidence—Absence of Revenue Stamp.**

The Act of Congress of 1898 providing that certain instruments shall not be admissible in evidence unless bearing revenue stamps, applies only to the courts of the United States, and not to the State courts.

Appeal from the County Court of Ellis. Tried below before Hon. J. E. Lancaster.

*G. M. Supple,* for appellant.

*Templeton & Harding,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—On September 12, 1899, appellant, S. H. Watson, instituted distress proceedings against appellee, T. M. Mirike, in Justice Court for precinct No. 6, Ellis County, Texas, for $200 rent, consisting of claim of $75 for failure to break stubble land, and $125 for the value of agricultural products appellee failed to deliver in kind, and also for $38.66 worth of advances, all for the year

1899. Appellant alleged as grounds for suing out the distress warrant that $38.66 for advances and $130 óf rent for year 1899 was due, and that appellee had removed and was about to remove from the rented land, without appellant's consent, products raised on the rented land. All papers were sent to the County Court of Ellis County by the justice of the peace, and in the County Court of Ellis County, on September 30, 1899, appellant filed his original petition against appellee, asking judgment against him for $200 for rent for year 1899, and also for $38.66 for supplies for year 1899, and setting up the issuance and levy of the distress warrant and existence of landlord's lien on prudects levied on to secure said rent and advances, and asking foreclosure of his landlord's lien to secure said rent and advances. On October 3, 1899, at the October term of court, appellee filed his original answer, setting up a plea to the jurisdiction of the County Court on the ground that appellant had fraudulently stated his claims in excess of $200 for the purpose of conferring jurisdiction on the County Court of Ellis County, and, in the alternative, denying the existence of any of the grounds for distress warrant, and reconvening for $380 actual and $500 exemplary damages for the alleged wrongful and malicious suing out of the distress warrant, and denying that any supplies to make a crop were bought of appellant at all, and claiming a payment of $18.38 on the $38.66 account sued on, made prior to filing this suit.

The property levied on, under agreement of parties, was sold on October 28, 1899, by the constable for $328.95, and of this sum $255.95 was turned over to the clerk of the County Court of Ellis County, and $73 was applied to expenses.

Appellant filed four amended and two supplemental petitions, and appellee one original and three supplemental answers. In each supplemental petition, appellant excepted to appellee's plea to the jurisdiction of the County Court on the ground that the same had not been called to the court's attention for its action or attention within the time required by the statutes of Texas and rules governing county and district courts.

The case was submitted to the jury, and the jury found with appellee on his plea to the jurisdiction of the court. Judgment was accordingly entered dismissing the suit for want of jurisdiction, and ordering the money in the hands of the clerk turned back to appellee, and ordering the constable, who was not a party to the suit, to refund the $73 to appellee paid out by the constable for expenses in gathering the crop, unless the appellant filed a supersedeas bond in manner and time required by law. Appellant filed his supersedeas bond in time required by law, and assigned errors and has perfected his appeal.

1. Appellant's exception to the defendant's plea to the jurisdiction of the court was overruled at the July term, 1900, to which the appellant excepted. Thereupon the case was submitted to the jury, and the jury found in favor of the defendant on his plea to the jurisdiction. Upon this verdict judgment was entered dismissing the suit for want of

jurisdiction, and ordering the money in the hands of the clerk turned back to the defendant. From this judgment plaintiff has prosecuted an appeal to this court.

Appellant's first contention is, that the court erred in overruling his exception to the plea of jurisdiction. This plea was filed October 7, 1899. At the October term the cause was continued under a rule for costs. At the January term, 1900, the cause was continued because of the absence of a witness. At the April term the cause was continued without any order made of record. At the July term the case was called for trial and the appellant presented his exceptions to said plea, based upon the ground that it had been waived by defendant's failure to call the court's attention to the plea and have the same determined at the term of the court at which it was filed. The plea to the jurisdiction of the court alleging that plaintiff has fraudulently stated his cause of action at an amount greater than the amount really due for the purpose of conferring jurisdiction on the court is a plea in abatement, and is required to be filed in due order of pleading. Hoffman v. Loan Co., 85 Texas, 409. The statute requires that such a plea shall be determined during the term of the court at which it is filed, if the business of the court will permit. Rev. Stats., art. 1269. Rule 24 governing the practice in district and county courts requires that such a plea shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by the agreement of parties with the consent of the court, and all such pleas shall be first called and disposed of before the main issue on the merits is tried.

In discussing the time at which a plea of this character should be presented, our Supreme Court, in an opinion delivered by Judge Denman, said: "That the law imposes upon the party relying upon such plea the duty of demanding the action of the court thereon at the time the statute and rule required it to act in the particular case, and that his failure to do so is a waiver thereof." Aldredge v. Webb, 92 Texas, 122. It is clear that by the terms of this statute and the rule, a party relying on such plea is required to call it to the attention of the court during the term of the court at which the same is filed. Had the plea been called to the court's attention at the October term, and the business of the court were such as to prevent its determination at that term, then the court could have made such an order as would have prevented its waiver and authorized its consideration at the next term.

Where a defendant has permitted three terms of the court to pass without calling the court's attention to his plea in abatement, he must be held to have waived the plea. Blum v. Strong, 71 Texas, 328; Machinery Co. v. Smith, 44 S. W. Rep., 592; Aldredge v. Webb, supra. We conclude that the court erred in overruling defendant's exception to the plea in abatement.

2. The amount for which the distress warrant issued was $238.66. The original petition sought a recovery for this sum, claiming that $200

of it was for rent and $38.66 was for money advanced to make a crop on the rented premises. By amendment plaintiff set up additional demands not embraced in the original petition, and also increased the amount sought to be recovered for the items set out in the original petition. The plaintiff had the right to amend in these particulars. Rev. Stats., art. 1188; Rule 12 of Practice in District and County Courts; Boren v. Billington, 82 Texas, 138; Connell v. Chardwell, 11 Texas, 253.

The amount of the demand as set up in the amended petition upon which plaintiff goes to trial is the amount in controversy, and this amount, prima facie, determines the jurisdiction of the court. The court ought not, in submitting the issue raised by defendant's plea to the jurisdiction, to have restricted the jury to the demand set up in the original petition. It is true that, if plaintiff relied upon the distress warrant and levy to preserve his lien, he could only foreclose upon the property levied upon by that writ. His lien was given by statute. The office of a distress warrant is to seize and hold the property in order to preserve the lien. If this were not done, he might lose his lien by the removal of the property from the rented premises, in which event the lien would only remain in force for one month after such removal. Rev. Stats., art. 3237. Cases may arise where a foreclosure could be had without the aid of a distress warrant. Boncier v. Edmonson, 58 Texas, 675.

3. In the seventh assignment of error complaint is made of the fourth paragraph of the court's charge, prescribing the measure of damages. It was shown that the rent was to be paid in cotton, corn, and wheat. The measure of damage in such a case is the market value of these products at the time the rent became due, with legal interest thereon from that date to date of trial. Sedg. on Dam., sec. 319; Taylor on Landl. and Ten., 8 ed., sec. 391; Van Rensellaer v. Jewett, 5 Denio, 135.

4. The defendant plead in reconvention for damages alleged to have been sustained by him by reason of the suing out and levying of the distress warrant. The plaintiff replied to this plea, that he was exempted from all damages arising from the suing of the distress warrant under the following clause of the lease contract: "If he (the landlord) should institute suit for distraint, he is thereby made and declared free from any damage or alleged damages to said crop or crops from whatever cause claimed or alleged by me (the tenant), and from all damages alleged by me in anywise whatever." The appellant asked a charge to the effect that by the terms of the above clause of the lease, plaintiff was exempted from damages arising from the suing out and levy of the distress warrant. The court refused the charge, and to this action appellant has assigned error.

In view of the fact that the construction of this clause of the lease will arise upon another trial, we feel it our duty to consider this assignment. We have not been cited to any authority in which a similar con-

tract has been construed by the courts. It has been held that a public carrier may make a contract which will relieve him from liability for loss or injury to property received for transportation, unless claim be made within a named period after the loss occurs. Westcott v. Fargo, 61 N. Y., 551; Express Co. v. Caldwell, 21 Wall., 264. It has also been held that contracts made between persons, other than carrier and shipper, by which a shorter period than that prescribed by statute of limitations had been fixed within which actions must be brought, or the right to do so barred were valid. Railway v. Trawick, 68 Texas, 314; Greenh. on Pub. Pol., 505, 507. It has been held by the Supreme Court of this State that a stipulation contained in a promissory note authorizing any attorney to appear for the maker in any competent court at any time and confess judgment in favor of the owner or holder of the note, waiving service of citation and copy of petition and agreeing that execution may issue at once on the judgment, was valid and binding. Strasburger v. Heidenheimer, 63 Texas, 5. This decision was rendered previous to the adoption of the statute of 1885 prohibiting a contract of this character. The clause is not against public policy and is such a contract as the parties had a right to make. Our statute expressly recognizes the right of the landlord and tenant to enter into such stipulations and contracts in regard to the rents as they may see proper. Rev. Stats., art. 3249.

While this clause is valid, it is not entitled to the broad construction sought to be placed upon it by the requested charge. By the terms of the lease contract it must have been contemplated by the parties thereto that circumstances might arise which would require a distraint for the purpose of securing the landlord in the payment of his rent. They had in contemplation the circumstances which authorized the suing out of this writ under the statute, and entered into the contract in view of these circumstances. They had in contemplation a distraint in accordance with the statute. If the circumstances arose which authorized a legal distraint, then the tenant agreed to waive all damages arising therefrom. It will not be presumed that they contemplated a waiver of damages arising from an illegal and unjust suing out of the writ. Such a construction would require us to presume the parties took in contemplation the doing of an illegal act. We will not indulge such a presumption.

5. Appellee has cross-assigned error and contends that the trial court erred in admitting in evidence the written lease because it did not have the proper revenue stamps affixed thereto as required by the act of Congress of 1898. The instrument is without a revenue stamp, and was admitted in evidence over defendant's objection. We have not been cited to any decision in which the Act of 1898 has been construed by the appellate courts of this State. The Supreme Court, in construing the act of Congress of 1864 and that of 1866 which stipulated that instruments of this character should not be admissible in evidence until

a legal stamp or stamps were affixed thereto, held that they had reference only to the courts of the United States, and not to State courts. Daily v. Coker, 33 Texas, 815; Shipman v. Fulcrod, 42 Texas, 248. This holding is in accord with the construction placed upon those acts by nearly all the States. Clemens v. Conrad, 19 Mich., 170; Sammons v. Halloway, 21 Mich., 162; Latham v. Smith, 45 Ill., 29; Craig v. Dimock, 47 Ill., 308; Bunker v. Green, 48 Ill., 243; Hanford v. Abrecht, 49 Ill., 146; Bowen v. Byrne, 55 Ill., 467; Wallace v. Cravens, 34 Ind., 534; Duffy v. Hobson, 40 Cal., 240; Hunter v. Cobb, 1 Bush., 239; Spoerer v. Eifler, 1 Heisk., 633; Davis v. Richardson, 45 Miss., 499; Carpenter v. Snelling, 97 Mass., 432; Moore v. Quirk, 105 Mass., 49; Griffin v. Ranney, 35 Conn., 239; Haight v. Grist, 64 N. C., 739; Weltner v. Riggs, 3 W. Va., 445.

The act of Congress of 1898, in so far as it seeks to affect the admissibility of unstamped instruments in evidence, is similar to the act of Congress of 1866, and we think only applies to the courts of the United States, and not to the State courts. Cassidy v. St. Germain (R. I.), 46 Atl. Rep., 35; Knox v. Rossi (Neb.), 57 Pac. Rep., 179.

There is no merit in appellee's cross-assignment.

For the errors indicated the judgment is reversed and cause remanded.

*Reversed and remanded.*