SULLIVAN *v.* HELLI.

1. BILLS AND NOTES—ABSENCE OF FEDERAL REVENUE STAMPS NO
DEFENSE TO ACTION ON NOTE.

In an action on a promissory note, the fact that it did
not bear any Federal revenue stamps is no defense.[1]

2. SAME—EVIDENCE—ADMISSIBILITY.

Where defendant denied executing the note sued on, and
denied receiving any consideration therefor, his testimony
as to what he would have done with the proceeds thereof
had he received same, was properly excluded.[2]

3. EVIDENCE—WRITING CLAIMED TO BE A RECEIPT MAY BE SHOWN
TO BE A BILL.

Where defendant claimed that a certain writing admitted
in evidence was a receipt, it was competent to show that
it was simply a bill for commissions and services rendered.[3]

4. BILLS AND NOTES—CONSIDERATION—QUESTION FOR JURY.

Where there was testimony that the note sued on bore de-
fendant's signature; and it recited that it was given for
value received, the trial court properly submitted to the
jury the question of consideration, although defendant
testified that he never received any.[4]

Error to Gogebic; Driscoll (George O.), J.   Sub-
mitted April 14, 1925.   (Docket No. 77.)   Decided
June 18, 1925.

Assumpsit by Helen M. Sullivan, executrix of the
last will of James A. Sullivan, deceased, against
Manuel Helli upon promissory notes.   Judgment for
plaintiff.   Defendant brings error.   Affirmed.

*Waples & Waples*, for appellant.

*E. W. Massie* (*M. J. Macgregor*, of counsel), for
appellee.

[1]Bills and Notes, 8 C. J. §§ 204 (Anno), 1024 (Anno); [2]Id.,
8 C. J. § 1333; [3]Evidence, 22 C. J. § 1520; [4]Bills and Notes, 8
C. J. § 1378.

Moore, J. This action is brought to recover upon two notes set out in the declaration. As to the one for $176.98, no defense is made except that it bore no Federal revenue stamps. It is admitted that if the absence of such stamps is not a sufficient defense the plaintiff is entitled to recover judgment against the defendant for $202.77 with costs of the circuit court. The defense herein is limited to the note for $1,457, which also was unstamped. The defendant by affidavit and notice accompanying his amended plea denied that he executed this note and that there was any consideration at all for it. The court overruled the defendant's motion for a directed verdict in his favor on the ground that both notes bore no Federal revenue stamps; directed a verdict in the plaintiff's favor for the amount of the first note and submitted to the jury for its determination the questions of the execution by the defendant of the second note and the consideration therefor. The jury returned a verdict for the amount of both notes, with interest, upon which verdict judgment was duly entered.

The questions involved in this appeal are stated by counsel for appellant:

(1) Can an action at law be maintained upon the promissory notes declared upon, even though they do not bear Federal revenue stamps?

(2) Should the defendant have been allowed to testify as to what he would have done with the proceeds of such second note if he had received them?

(3) Should a witness be allowed to testify as to the probable meaning of writings which are not ambiguous or whose ambiguity, if any, is patent?

(4) May the court submit to the jury the question as to whether or not the plaintiff has made out his case as to consideration for the note in question, where evidence has been introduced by the defendant which the court admits tends to show want of consideration * * * in the absence of any evidence whatever that there was consideration other than the form of the instrument itself?

(5) Presented a similar question to 4.

We will take up these questions in the same order:

1. Counsel do not press their contention in view of the decisions in *Sammons* v. *Halloway,* 21 Mich. 162 (4 Am. Rep. 465) ; *Amos-Richia* v. *Insurance Co.,* 143 Mich. 684; *Cole* v. *Ralph,* 252 U. S. 286 (40 Sup. Ct. 321), but content themselves by raising the question. The cases cited justify the ruling of the circuit judge.

2. We think the trial judge was quite right in holding it was immaterial what the defendant would have done with the proceeds of the second note had he received the money.

3. The writings referred to were claimed by the defendant to be receipts. We quote one of them:

"M. Manuel Helli

Ironwood, Mich., Nov. 23, 1918.

In account with

JAMES A. SULLIVAN
General Insurance
Fire, Life, Boiler, Plate Glass, Accident,
Employer's Liability and Surety Bonds.
All Bills Payable in 10 Days.

Dr.

| Date | Policy No. | Company | Property Ins. Amt. | Rate Premium |
|------|-----------|---------|--------------------|--------------|
| Sept. 14/18 | | | | |
| Loan of 350 from W. Gleason Due 9/21/18 | | | | |
| | | | Pd. 9/30/18 | 3 00 |
| Extension to 9/30/18 | | | | 1 50 |
| J. A. Sullivan services | | | | 2 50 |
| Loan of 350 from T. F. Egan Due 9/28/18 | | | | |
| | | | Pd. 10/23/18 | 4 00 |
| Extension to 10/23/18 | | | | 4 00 |
| J. A. Sullivan, services | | | | 5 00 |
| Loan of 300 from A. M. McIver Due 9/28/18 | | | | |
| | | | Pd. 10/31/18 | 4 00 |
| Extension to 10/31/18 | | | | 4 00 |
| J. A. Sullivan, services | | | | 5 00 |
| | | | | 33 00 |

Please return this bill for receipt with remittance."

The other paper was similar to this one. Because of the claim of defendant that this was a receipt for $1,000 we think it was competent to show that it was simply a bill for commissions and services amounting to $33. *Paddock* v. *Hatch,* 169 Mich. 95; *Brusseau* v. *Potter's Estate,* 217 Mich. 165.

4 and 5. The contention of counsel is based upon the testimony of defendant on cross-examination that he had not borrowed any money from Mr. Sullivan, except what the papers we have already referred to which defendant called receipts covered. This contention overlooks the fact that officers of the bank where defendant did his banking business testified that the disputed note bore defendant's signature, and the note itself recited it was given for value received.

The judge charged the jury:

"As to this note you have two main questions to decide: *first,* whether or not the defendant executed the note, and *second,* whether or not there was any consideration for the note.

"The burden of proof is upon the plaintiff to establish both of those propositions by a fair preponderance of the evidence before she can recover upon the note. When I say by a fair preponderance of the evidence I mean by the greater weight of the evidence. * * *

"Now ordinarily there is a presumption of law that when one gives to another a promissory note there was a sufficient and valuable consideration for the same. However, when as in this case, a person sued upon a note sets up the defense of want of consideration and introduces testimony tending to show want of consideration, then the burden of proof is upon the plaintiff to show that there was consideration. Now, in this case the defendant has introduced certain testimony which he claims tends to show that there was no consideration for the note. Whether or not you will accept and believe that testimony is a matter for you to determine. The defendant claims that it tends to disprove consideration. The plaintiff claims that the testimony is unworthy of belief and should

not be believed by you. It is for you to say, after a consideration of the evidence, whether or not you believe this testimony; and the burden of proof is upon the plaintiff to establish that there was consideration for the note, and the presumption I have heretofore mentioned is offset by the testimony introduced by the defendant and cannot be used in the plaintiff's favor, unless the evidence is equally balanced, in which case the presumption will turn the scales in favor of the plaintiff."

The other questions raised by counsel have been considered, but do not call for discussion. We find no reversible error.

Judgment is affirmed, with costs to the appellee.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.